**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.                                        CASE NO: 6:14-cr-5-Orl-40GJK

VALENTINE OKONKWO

_____

**ORDER**

This cause comes before the Court without oral argument[1] on the following:

1. Jacinta Okonkwo's Petition of Interest in or Right Against Forfeited Assets and Petition for a Hearing (Doc. 298), filed October 11, 2016;

2. The United States' Motion to Dismiss Jacinta Okonkwo's Petition of Interest in or Right Against Forfeited Assets (Doc. 299), filed October 12, 2016; and

3. Petitioner Jacinta Okonkwo's Response in Opposition to the Government's Motion to Dismiss (Doc. 300), filed October 26, 2016.

Upon consideration, the Court will grant the United States' motion to dismiss and dismiss Jacinta Okonkwo's petition without prejudice.

**I.    BACKGROUND**

On March 13, 2016, Defendant, Valentine Okonkwo, was convicted of conspiring to possess with the intent to distribute a controlled substance (Oxycodone) outside the usual course of professional practice or for other than legitimate medical purposes, in violation of 21 U.S.C. § 846. (Doc. 215). Defendant was additionally convicted of nine substantive counts of distributing or dispensing a controlled substance (Oxycodone)

---

[1]    Although Petitioner requests a hearing on her petition, the Court does not require the benefit of oral argument at this time.

outside the usual course of professional practice or for other than legitimate medical purposes, in violation of 21 U.S.C. § 841(a)(1). (*Id.*).

On May 10, 2016, the Court entered a forfeiture money judgment against Defendant in the amount of $555,000.00, which represents the proceeds of his illegal activity. (Doc. 233). A preliminary order of forfeiture was entered on June 17, 2016, for five bank accounts held in Defendant's name. (Doc. 249). The relevant accounts are as follows:

- $51,677.42 seized from Wells Fargo Bank Account No. 3345103794;

- $117,107.85 seized form Wells Fargo Bank Account No. 1010309773438;

- $2,032.84 seized from Wells Fargo Bank Account No. 9298555815;

- $28,637.34 seized from Wells Fargo Bank Account No. 9958544083, and

- $208,751.12 seized from Wells Fargo Bank Account No. 3294750553.

(*Id.*).

Petitioner, Jacinta Okonkwo, now petitions to recover certain sums from the above-listed accounts. (Doc. 298).[2] Specifically, Petitioner contends that she has a legal interest which qualifies her as an owner of the following: $51,677.42 seized form Wells Fargo Bank Account No. 3345103794, and $117,107.85 seized form Wells Fargo Bank Account No. 1010309773438.[3] (*Id.*).

---

[2]   Previous attempts at submitting the third-party petition were dismissed due to various procedural deficiencies. (*See* Docs. 253, 293, 297).

[3]   Petitioner does not assert any interest in the funds held in Account Nos. 9298555815, 9958544083, or 3294750553, which contain combined assets of $239,421.30. Accordingly, the Court limits its analysis to Account Nos. 3345103794 and 1010309773438.

## II.    THE PETITION

Petitioner contends that she has a protected legal interest consisting of a constructive trust in the two Wells Fargo accounts. (Doc. 298, p. 2). Petitioner alleges the constructive trust was in force in December 2008. (*Id.*). Petitioner further alleges that her legal right, title, or interest in the subject property was vested in her—rather than in Defendant—or was superior to "any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." (*Id.*). Alternatively, Petitioner claims she is "a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." (*Id.*).

Petitioner correctly notes that the Indictment in this case sets forth the period of illegal activity giving rise to the Preliminary Order of Forfeiture as occurring between December 2009 and October 2012. Petitioner alleges that the constructive trust arose after Defendant opened bank accounts during their marriage in his own name in Florida, deviating from their prior practice of using joint bank accounts. (*Id.* at pp. 5–6). According to Petitioner, Defendant "assured [her] . . . that these marital funds, which reflected both her financial and personal contributions, would be used for her benefit and the benefit of their children," and further claims that she relied on Defendant's promise. (*Id.* at p. 6).

Petitioner contends that she contributed her salary to the family income, which funds were presumably deposited into an account or accounts held in Defendant's name. (*Id.*). The pertinent allegations regarding the bank account(s) upon which the constructive trust arguably attaches are as follows:

> 16.    Jacinta Okonkwo and the Defendant moved to Florida in December of 2005 . . . the Defendant opened bank accounts solely in his name after the move to Florida. The Defendant assured Jacinta Okonkwo that these

marital funds, which reflected both her financial and personal contributions, would be used for her benefit and the benefit of their children. Jacinta Okonkwo relied on Defendant's assurances and promises.

17. After passing her pharmacy boards, Jacinta Okonkwo began working as a pharmacist for Walgreens in Florida in early 2007.

18. During their marriage, Jacinta Okonkwo contributed her salary to the family income for the support and maintenance of her family.

   . . . .

21. In December 2008—prior to any criminal acts giving rise to the criminal forfeiture—Valentine Okonkwo and Jacinta Okonkwo had marital funds in the amount of $184,213.56. Of this $184,213.56 in marital liquid assets, Valentine Okonkwo held $173,230.18. . . . . [A Florida circuit judge] awarded her an equitable distribution of $77,665.90. Said equitable distribution was predicated on the Okonkwo's marital assets as of December 2008 . . . .

(*Id.* at pp. 6–7).

## III.   STANDARD OF REVIEW

Ancillary forfeiture proceedings arising out of criminal cases are civil in nature and are governed by the Federal Rules of Civil Procedure. *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1304 (M.D. Fla. 2012). A motion to dismiss made pursuant to Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint.  In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when the plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The mere recitation of the elements of a claim is not enough and the district court need not give any credence to legal conclusions that are not

supported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

## IV.   DISCUSSION

### A.   Applicable Law

Any person, other than the defendant, asserting a legal interest in the property which has been ordered forfeited to the United States, may petition the court for a hearing to determine the validity of the petitioner's interest in the property. 21 U.S.C. § 853(n)(2). Two classes of petitioners have a valid interest in property ordered forfeited to the United States pursuant to 21 U.S.C. § 853(n)(6)(A) and (B): (1) those with a legal interest that was superior to the defendant's at the time the offense was committed, and (2) those who qualify as bona fide purchasers for value of the forfeited property without knowledge that the property was subject to forfeiture. *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003).

To state a claim under § 853(n)(6)(A), a petitioner must establish three elements: (1) she held a legal interest in the forfeited property, (2) her legal interest in the forfeited property was superior to the defendant's interest, and (3) her legal interest was superior to the defendant's interest at the time of the defendant's criminal conduct. *See United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010). To state a claim under § 853(n)(6)(B), a petitioner must demonstrate that she purchased the property which is subject to forfeiture for value and without notice of any defects in title. *Watkins*, 320 F.3d at 1283. For both types of claims, courts must look to state law to determine whether a petitioner has a legal interest in forfeited property. *See United States v. Shefton*, 548 F.3d

1360, 1364 (11th Cir. 2008) (per curiam). After the petitioner's interest is determined under state law, federal law controls whether that interest is superior to the defendant's interest at the time of the criminal acts giving rise to the forfeiture. *United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000).

### B. Constructive Trust

Petitioner first contends that she has a qualifying interest in the two bank accounts that are the subject of this Court's forfeiture order pursuant to § 853(n)(6)(A) under the theory of a constructive trust. (Doc. 298, pp. 10–11). In Florida, a petitioner who asserts a constructive trust on property subject to forfeiture must establish the following four elements: "(1) a promise, express or implied; (2) a transfer of property and reliance thereon; (3) a confidential relationship, and (4) unjust enrichment." *Castetter v. Henderson*, 113 So. 3d 153, 155 (Fla. Dist. Ct. App. 2013). Further, the party seeking to modify or avoid an order of forfeiture under a constructive trust theory must additionally establish that the property held in constructive trust is traceable to the property subject to the order of forfeiture. *Bender v. CenTrust Mortg. Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995). In other words, "[a] constructive trust cannot be imposed on general assets." *Id.*

Here, Petitioner fails to sufficiently allege a valid claim under § 853(n)(6)(A). Petitioner fails to identify the amount of money she contributed to the bank account or accounts held by Defendant prior to the commencement of Defendant's criminal activity. At best, Petitioner contends that, in 2012, a state circuit judge valued the marital liquid assets at $184,213.56 and used December 2008 for the valuation date. Petitioner pleaded that, of this sum, Defendant held $173,230.18 as of December 2008. The petition fails to state whether Defendant provided all or a portion of the $173,230.18, fails to plead the amount of the assets provided by Petitioner and held in Defendant's bank account(s),

and fails to allege whether any funds contributed by Petitioner and which form the constructive trust were ever held in—or transferred to—the two accounts which are the subject of the Court's forfeiture order and in which she claims an interest. That is, Petitioner fails to trace the assets contributed by her and held in the constructive trust to the property subject to the forfeiture order.[4]

The equitable distribution order entered by the state court judge in 2012 awarding Petitioner $77,665.90 is governed by § 61.075, Florida Statutes. Pursuant to § 61.075(1), the court is "to do equity between the parties" and must start from the "premise that the distribution should be equal, unless there is a justification for an unequal distribution." In reaching its decision, the state court judge is directed to consider a number of factors unrelated to whether a spouse contributed money during the marriage. *See* Fla. Stat. § 61.075(1)(a)–(j). Therefore, the award by the circuit judge of $77,665.90 does not reflect contributions by Petitioner in the form of money, and it does not trace those funds to a specific account. Accordingly, pursuant to § 853(n)(6)(A), the 2012 order awarding equitable distribution does not support Petitioner's claim to superior right, title, or interest in an asset held in or traceable to either of the contested bank accounts. It is, at best, a general claim against Defendant which "shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition which is recorded in the county where the property is located *when the judgment, or a certified copy of the judgment*, is recorded in the official records of the county in which the property is located." Fla. Stat. § 61.075(4) (emphasis added). Petitioner fails to plead facts showing that the order has been recorded, the date it was recorded, or the county where the order has been

---

[4]   Petitioner also fails to attach the equitable distribution order to the Petition, leaving the Court to speculate about the source of the marital assets considered by the state court judge when the order was entered in 2012.

recorded. Since the order was not issued by the court until 2012, it could not have been recorded before the acts giving rise to the forfeiture—which acts commenced in December 2009. Accordingly, the equitable distribution order cannot operate to convey superior right, title, or interest in favor of Petitioner pursuant to § 853(n)(6)(A).

### C.    Bona Fide Purchaser

As discussed earlier in this Order, a claim arising under § 853(n)(6)(B) requires the Court to determine whether Petitioner is a bona fide purchaser for value of a right, title, or interest in the asset(s) subject to forfeiture and whether Petitioner lacked knowledge that the asset(s) was/were derived from criminal activity. The constructive trust alleged by Petitioner was created before Defendant began his illegal activity in December 2009. That is, Petitioner separated from Defendant in December 2008, and Petitioner does not allege facts affirmatively showing or providing a basis to infer that she contributed her earnings to a bank account held in Defendant's name after the separation. Since the bona fide purchaser for value prong of § 853(n)(6) only applies to one's claim to an asset after the commission of acts giving rise to the forfeiture, the constructive trust cannot form the basis of this claim. This leaves only the equitable distribution order entered in October 2012 as the factual basis for Petitioner's § 853(n)(6)(B) claim.[5]

While Petitioner may be the beneficiary of an order from a Florida state court judge, the order awarding an interest in a portion of the marital funds is not an award as to a specific asset; it is a general claim against Defendant. *See* Fla. Stat. § 61.075(4). This general claim is inadequate to support a claim under § 853(n)(6)(B) as it relates to the

---

[5]    The award of child support by the Florida circuit judge in the marriage dissolution proceedings is an unsecured debt owed by Defendant and cannot form the basis of a claim against the bank accounts subject to the forfeiture order. Similarly, an award by the state judge of attorney's fees renders Defendant liable to the attorney who is not a claimant in this matter.

two bank accounts that are the subject of the forfeiture order. This is because Petitioner's "interest lies against the debtor personally as opposed to any specific property that . . . [she] purchased from the debtor." *Watkins*, 320 F.3d at 1283. "Unlike secured creditors, general creditors cannot point to any one specific asset and claim that they are entitled to payment out of the value of that specific asset." *Id.* The petition fails to state facts to support how the equitable distribution order renders her a bona fide purchaser for value of a right, title, or interest in either bank account or that at the time of the purchase she was reasonably without cause to believe the property held in either account was subject to forfeiture.

## V.   CONCLUSION

The petition fails to set forth facts sufficient to support a claim arising under either § 853(n)(6)(A) or (B). The allegations of the petition pertaining to the alleged constructive trust are insufficient to allow the Court to draw the reasonable inference that Petitioner held superior right, title, or interest in either of the bank accounts that are the subject of this Court's forfeiture order. The petition additionally fails to trace the proceeds of the constructive trust to either bank account. Further, Petitioner's § 853(n)(6)(A) claim is not aided by the equitable distribution order dated October 2012 because it arose after the criminal acts giving rise to the forfeiture and is effective—if at all—against Defendant's general assets.

Similarly, the constructive trust fails to support a claim under § 853(n)(6)(B), because the facts alleged indicate that the constructive trust arose—if at all—before the acts giving rise to the forfeiture. The equitable distribution order is likewise inadequate to support Petitioner's § 853(n)(6)(B) claim in that it does not attach to the specific assets held in either bank account which are the subject of the Court's forfeiture order. Rather,

the equitable distribution order represents a general claim against Defendant's assets, which is inadequate to state a claim as a bona fide purchaser.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The United States' Motion to Dismiss Jacinta Okonkwo's Petition of Interest in or Right Against Forfeited Assets (Doc. 299) is **GRANTED**.

2. Jacinta Okonkwo's Petition of Interest in or Right Against Forfeited Assets and Petition for a Hearing (Doc. 298) is **DISMISSED WITHOUT PREJUDICE**.

3. Petitioner has **fourteen (14) days** from the date of this Order to file an amended petition which addresses the deficiencies identified herein. Petitioner's failure to file an amended petition within the time provided will result in the Court closing this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on November 29, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties