# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    **CASE NO: 6:14-cr-5-PGB-LHP**

**VALENTINE OKONKWO**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR IN FORMA PAUPERIS (Doc. No. 406)** |
| **FILED:** | **July 7, 2025** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.      BACKGROUND

On January 8, 2014, a grand jury returned an eleven-count indictment

charging Defendant with conspiracy to possess with intent to distribute and

dispense Oxycodone outside the usual course of professional practice and for other

than legitimate medical purposes, and numerous substantive counts of distributing

Oxycodone.   Doc. No. 1.   The case proceeded to trial, and on March 18, 2016, a

jury convicted Defendant on all counts.   Doc. Nos. 213, 215.   On June 22, 2016, the

Court sentenced Defendant to a term of 292 months imprisonment followed by a three-year term of supervised release, and a special assessment of $1,100.00.   Doc. No. 250.   Judgment was entered accordingly the following day.   Doc. No. 251. Defendant appealed his conviction and sentence, Doc. No. 257, the Eleventh Circuit Court of Appeals affirmed on July 19, 2017, and the mandate issued on September 1, 2017.   Doc. Nos. 329, 335.

On July 9, 2020, Defendant filed a motion for compassionate release, based on his medical conditions and the COVID-19 pandemic.   Doc. No. 350.   The Court denied the motion, along with Defendant's motion for reconsideration.    Doc. Nos. 352, 354.   On May 7, 2025, Defendant filed a second motion for compassionate release, in which Defendant argued that his advanced age of 64 and his medical conditions constituted extraordinary and compelling circumstances supporting his release.   Doc. No. 400.   The Court denied that motion on May 8, 2025, finding that Defendant failed to support his alleged medical conditions with record evidence, and that the factors outlined in 18 U.S.C. § 3553 did not support compassionate release – specifically that early release would undermine general and specific deterrence.   Doc. No. 401.

Defendant moved for reconsideration, this time supporting his medical claims with additional record evidence, but otherwise raising the same arguments as before.   Doc. No. 402.   On May 30, 2025, the Court denied the motion finding

that Defendant failed to establish a basis for reconsideration.   Doc. No. 403.   The Court further found that the newly submitted medical evidence showed that Defendant was noncompliant in taking his medications and refused a pacemaker, and that refusing to follow medical advice cannot support a finding of compassionate release due to worsening health.   *Id.*, at 6-7.   In addition, the Court reiterated that the other factors set forth in 18 U.S.C. § 3553 did not support compassionate release.   *Id.*, at 7.   The Court pointed to the enormous quantity of Oxycodone illegally dispensed by Defendant, and that early release would undermine general and specific deterrence.   *Id.*

Defendant has filed a notice of appeal as to the Court's May 30, 2025 Order. Doc. No. 404.   Defendant has also moved to proceed *in forma pauperis* on appeal. Doc. No. 406.   The motion has been referred to the undersigned, and upon review, I will respectfully recommend that the motion (Doc. No. 406) be denied.

## II.    ANALYSIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor.   Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the

person is entitled to redress." 28 U.S.C. § 1915(a)(1). However, a party's ability to file an appeal without paying court fees is limited by the statutory provision that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3).

"Good faith is demonstrated where an appeal 'seeks appellate review of any issue not frivolous.'" *Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A frivolous case is one "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citation omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* (internal quotations and citations omitted); *see also Bell v. HCR Manor Care Facility of Winter Park*, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M. D. Fla. Aug. 24, 2010). In other words, "[a] lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Cooley v. Ocwen Loan Svc.*, LLC, 729 F. App'x 677, 680-81 (11th Cir. 2018) (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).[1]

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

Upon review of Defendant's second motion for compassionate release and motion for reconsideration, the Court's Orders denying same, and the present motion for leave to appeal *in forma pauperis*, I find that Defendant's appeal is not taken in good faith.   Therefore, he should not be afforded leave to proceed *in forma pauperis* on appeal.   The Court thoroughly explained why Defendant's asserted claims for compassionate release were without merit, to include finding that Defendant was refusing medical treatment and advice, and that the factors of 18 U.S.C. § 3553 did not warrant compassionate release.   Doc. Nos. 401, 403. Defendant's current notice of appeal merely seeks to rehash the same arguments, and also contends that it was error not to allow the United States to respond in opposition to Defendant's motions prior to ruling on them.   Doc. No. 404.

For these reasons, I find that Defendant's realistic chances of ultimate success are slight, and therefore, his appeal is frivolous and not taken in good faith.   *See, e.g., United States v. Jordan*, No. CR 218-056-1, 2022 WL 5200002, at *3 (S.D. Ga. Oct. 5, 2022) (denying motion for reconsideration of denial of motion for compassionate release and denying motion to appeal *in forma pauperis* as not taken in good faith where court examined defendant's medical records, concluded that defendant's medical conditions did not substantially diminish his ability to engage in self-care and did not qualify as an extraordinary and compelling reason for compassionate release, and where the other 18 U.S.C. § 3553(a) factors overwhelmingly weighed in

favor of defendant serving the sentence imposed); *see also United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (finding no abuse of discretion and affirming denial of motion for compassionate release based on medical reasons – namely high cholesterol, high blood pressure, and coronary artery disease that could be managed in prison).

## III.    RECOMMENDATION

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court certify that Defendant Valentine Okonkwo's appeal (Doc. No. 404) is not taken in good faith, and **DENY** his motion for leave to appeal *in forma pauperis* (Doc. No. 406).

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 14, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record