# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.    CASE NO: 6:14-cr-5-PGB-LHP

**VALENTINE OKONKWO**

_____/

## ORDER

This cause is before the Court on Defendant Okonkwo's Objection (Doc. 410) to the Report and Recommendation concerning Defendant's motion to appeal *in forma pauperis*. (Doc. Nos. 406, 408). The Court does not require a response from the Government to the Defendant's objection.[1] Upon consideration, the Defendant's objection is overruled, and the Magistrate Judge's Report and Recommendation is adopted.

## I.   BACKGROUND

The Court fully concurs with the procedural and factual background outlined in the Report and Recommendation, and it is hereby adopted and incorporated into this Order. (See Doc. 408, pp. 1–3).

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

## II.     STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). When a magistrate judge decides a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). This reporting requirement, however, is not necessary for non-dispositive matters. *See* Fed. R. Civ. P. 72(a).

Regardless of whether a magistrate judge rules on a dispositive or a non-dispositive matter, any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to object to those specific portions of the decision disagreed with. Fed. R. Civ. P. 72(a), (b)(2). When an objection is made to the decision of a dispositive matter, the district judge must make a de novo determination of each issue objected to. Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). However, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The district judge may accept, reject, or modify, in whole or in part, the report of the magistrate judge or recommit the matter to the magistrate judge with further instructions. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

The Court has considered the Defendant's objections and finds them to lack merit. Therefore, after conducting a de novo review of the Report and the record, the Court agrees with the Report, including the recommendation to deny Defendant's motion to appeal *in forma pauperis*. The Magistrate Judge reviewed the Court's denial of Defendant's second motion for compassionate release and the motion for reconsideration and concluded that the Defendant's realistic chances of success on the merits are slight. (Doc. 408, p. 5). Accordingly, the Magistrate Judge recommended that the Court deny Defendant's motion to appeal *in forma pauperis*. (*Id.*). The Defendant's objection simply rehashes arguments made in his second motion for compassionate release while disregarding the Court's determination that, regardless of his medical conditions, the sentencing factors outlined in 18 U.S.C. § 3553(a) overwhelmingly weigh in favor of the Defendant serving the sentence imposed. (Doc. 410). Accordingly, the Defendant's objections are overruled.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation (Doc. 408) is **ADOPTED,** and the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Orlando, Florida on July 29, 2025.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4